**IN THE UNITED STATES DISTRICT COURT**
**FOR EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **JEANINE KIRK** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | **Civil Action No. 4:26-cv-265** |
| v. | § | |
| | § | |
| **DOXIM, INC.** | § | |
| | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Jeanine Kirk files this, her Original Complaint and Jury Demand against Defendant Doxim, Inc., and in support thereof states as follows:

## PARTIES, JURISDICTION AND VENUE

1.  Plaintiff is an individual residing in Collin County, Texas.

2.  Defendant Doxim, Inc. (in its assumed or common name) is a foreign corporation doing business in the State of Texas.  Doxim can be served via its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at the location of 211 E. 7th Street, Ste. 620, Austin, Texas 78701.

3.  The Court has diversity jurisdiction under 28 U.S.C. §1332.

4. Venue is proper as Plaintiff was employed remotely by Defendant in Collin County, in the Eastern District of Texas.

## **FACTS**

5. Doxim, Inc. ("Doxim") hired Ms. Kirk in March of 2020 as an Account Manager, Channel Partners.

6.  At all material times, Plaintiff worked remotely in Collin County, Texas.

7.  During her tenure, Ms. Kirk earned salary increases and multiple commission-based bonuses, was awarded the President's Club recognition, maintained her title as a top-performing sales professional, and did not receive any disciplinary action.

8.  Ms. Kirk was also one of the only female Account Managers who was over 50 years old.

9.  Upon information and belief, throughout Ms. Kirk's tenure, Doxim primarily hired and promoted men in upper management positions and consistently favored men in the Direct Sales and Channel Partner Sales Department.

10.  On or about October 6, 2023, Ms. Kirk contacted Chief Executive Officer Michael Hennessey, a 45-year-old man, to express her interest in being considered for the Channel Team's Manager position. Despite her strong record and extensive experience, the Company promoted Bill Cullen, a man in his early 60s, instead.

11.  On or about January 7, 2025, Ms. Kirk had a meeting with her direct supervisor, Jason Pothen.  (Mr. Pothen had recently been assigned as Ms. Kirk's direct supervisor.)  During this meeting, Mr. Pothen repeatedly commented about another employee, Jerry McNulty, a 65-year-old man. Mr. Pothen stated that Doxim was "waiting" on Mr. McNulty to retire because of his age. Upon information and belief, Mr. McNulty had never expressed any plans to retire. Mr. Pothen also disclosed plans to bring in a younger replacement, Bonnie Harper, a woman in her 40's, to take over the Centene account that Justin Paradez was currently managing, and asked Ms. Kirk to keep this information in confidence.

12.  On or about February 4, 2025, Doxim terminated Senior Account Executive Maggie Ponce, a 50-year-old woman, allegedly as part of a restructuring. Upon information and belief, no other employee was impacted.

13.  On or about March 31, 2025, Mr. Pothen announced that Ms. Harper joined the U.S. Healthcare Sales Team as an Account Executive to manage a large earning account.

14.  On April 17, 2025, Doxim terminated Ms. Kirk's employment.  Ms. Kirk was told that she was being let go as part of a restructuring and that her position was being eliminated.

15.  Upon information and belief, after Ms. Kirk's termination, her territory and partner accounts were reassigned to Justin Paredez, a male Account Executive, in his 40's and new hire, Justine Hodgman, a female Account Executive in her late 30's or early 40's.

16.  The reason provided for Ms. Kirk's termination were false, and in actuality, Plaintiff was terminated because of her age and/or gender.

17.  After Ms. Kirk's termination, Doxim failed to compensate earned commissions in the amount of approximately $30,400.00.

## CAUSES OF ACTION:

### Count 1: Intersectional Discrimination (Age + Sex)
*(in violation of the Texas Labor Code)*

18.  Plaintiff incorporates the allegations contained in the preceding paragraphs and incorporates by reference.

19.  Throughout her employment with Defendant, Plaintiff was an employee within the meaning of Chapter 21 0f the Texas Labor Code ("TCHRA").

20.  Doxim is an employer within the meaning of the TCHRA.

21.  Plaintiff was qualified for her position of Account Manager, Channel Partners.

22.  Plaintiff was replaced by one or more younger employees.

23.     Plaintiff was replaced by someone outside the protected class and Doxim treated other similarly situated employees outside the protected class more favorably than the Plaintiff.

24.     The TCHRA prohibited Doxim from discriminating against Plaintiff based on her age and gender.

25.     The discrimination affected the terms and conditions of Plaintiff's employment. Doxim discriminated against Ms. Kirk based on her age and gender when it terminated her employment.

26.     Plaintiff's age and gender was a motivating factor in Defendant's decision to terminate Plaintiff's employment.

27.     The purported reason for Plaintiff's termination is false or unworthy of credence.

28.     Defendant does not have adequate policies or procedures in place to address the discrimination.

29.     Ms. Kirk exhausted her administrative remedies under the TCHRA by timely filing a Charge of Discrimination.

30.     On or about January 21, 2026, the TWC issued a Notice of Right-to-Sue with respect to Ms. Kirk's TCHRA claims.  This action is being commenced within 60 days of Ms. Kirk receiving the Notice of Right-to-Sue.

31.     Defendant's violations of Plaintiff's TCHRA rights was not a mistake, but rather intentional and willful, justifying an award of punitive damages against Defendant.

32.     As a result of Defendant's unlawful employment practices, Ms. Kirk has suffered economic losses including lost back and front pay, lost health insurance, and other benefits.

33.     In addition, Ms. Kirk has suffered, and will continue to suffer, emotional pain due to the loss of her job, embarrassment, stress, loss of enjoyment of life, and other non-pecuniary losses.

34.     Ms. Kirk has also incurred, and will continue to incur, costs in seeking to protect and enforce her rights, including court costs and attorney's fees.

## Count 2: Age Discrimination
### *(in violation of the ADEA)*

35.     Plaintiff incorporates the allegations contained in the preceding paragraphs and incorporates by reference.

36.     Throughout her employment with Defendant, Plaintiff was an employee within the meaning of the ADEA.

37.     Doxim is an employer within the meaning of the ADEA.

38.     Plaintiff is over 40 years of age.

39.     Plaintiff was qualified for her position of Account Manager, Channel Partners.

40.     Plaintiff was replaced by one or more younger employees.

41.     The ADEA prohibits Doxim from discriminating against Plaintiff based on her age.

42.     The discrimination affected the terms and conditions of Plaintiff's employment. Doxim discriminated against Ms. Kirk based on her age when it terminated her employment.

43.     Doxim would not have terminated Ms. Kirk but for her age.

44.     The purported reason for Plaintiff's termination is false or unworthy of credence.

45.     Defendant does not have adequate policies or procedures in place to address the discrimination.

46.     Ms. Kirk exhausted her administrative remedies under the ADEA and by timely filing a Charge of Discrimination.

47.     On or about January 29, 2026, the EEOC issued a Notice of Right-to-Sue with respect to Ms. Kirk's ADEA claims.  This action is being commenced within 90 days of Ms. Kirk receiving the Notice of Right-to-Sue.

48.     Defendant's violations of Plaintiff's ADEA rights was not a mistake, but rather intentional and willful, justifying an award of punitive damages against Defendant.

49.     As a result of Defendant's unlawful employment practices, Ms. Kirk has suffered economic losses including lost back and front pay, lost health insurance, and other benefits.

50.     In addition, Ms. Kirk has suffered, and will continue to suffer, emotional pain due to the loss of her job, embarrassment, stress, loss of enjoyment of life, and other non-pecuniary losses.

51.      Ms. Kirk has also incurred, and will continue to incur, costs in seeking to protect and enforce her rights, including court costs and attorney's fees.

### Count 3: Age Discrimination
### *(in violation of the TCHRA)*

52.     Plaintiff incorporates the allegations contained in the preceding paragraphs and incorporates by reference.

53.     Throughout her employment with Defendant, Plaintiff was an employee within the meaning of Chapter 21 of the TCHRA.

54.     Doxim is an employer within the meaning of the TCHRA.

55.     Plaintiff is over 40 years of age.

56.     Plaintiff was qualified for her position of Account Manager, Channel Partners.

57.     Plaintiff was replaced by one or more younger employees.

58.     The TCHRA prohibits Doxim from discriminating against Plaintiff based on her age.

59.     The discrimination affected the terms and conditions of Plaintiff's employment. Doxim discriminated against Ms. Kirk based on her age when it terminated her employment.

60.     Plaintiff's age was a motivating factor in Defendant's decision to terminate her employment.

61.     The purported reason for Plaintiff's termination is false or unworthy of credence.

62.     Defendant does not have adequate policies or procedures in place to address the discrimination.

63.     Ms. Kirk exhausted her administrative remedies under the TCHRA and by timely filing a Charge of Discrimination.

64.     On or about January 21, 2026, the TWC issued a Notice of Right-to-Sue with respect to Ms. Kirk's TCHRA claims.  This action is being commenced within 60 days of Ms. Kirk receiving the Notice of Right-to-Sue.

65.     Defendant's violations of Plaintiff's TCHRA rights was not a mistake, but rather intentional and willful, justifying an award of punitive damages against Defendant.

66.     As a result of Defendant's unlawful employment practices, Ms. Kirk has suffered economic losses including lost back and front pay, lost health insurance, and other benefits.

67.     In addition, Ms. Kirk has suffered, and will continue to suffer, emotional pain due to the loss of her job, embarrassment, stress, loss of enjoyment of life, and other non-pecuniary losses.

68.      Ms. Kirk has also incurred, and will continue to incur, costs in seeking to protect and enforce her rights, including court costs and attorney's fees.

## Count 4: Gender Discrimination
### *(in violation of the TCHRA and Title VII)*

69.     Plaintiff incorporates the allegations contained in the preceding paragraphs and incorporates by reference.

70.     Throughout her employment with Defendant, Plaintiff was an employee within the meaning of the TCHRA and Title VII.

71.     Doxim is an employer within the meaning of the TCHRA and Title VII.

72.     Title VII and the TCHRA prohibited Doxim from discriminating against Plaintiff based on her gender.

73.     Plaintiff was qualified for her position of Account Manager, Channel Partners.

74.     Plaintiff was replaced by someone outside the protected class and Doxim treated other similarly situated employees outside the protected class more favorably than the Plaintiff.

75.     The discrimination affected the terms and conditions of Plaintiff's employment. Doxim discriminated against Ms. Kirk based on her gender when it terminated her employment.

76.     Plaintiff's gender was a motivating factor in Defendant's decision to terminate her employment.

77.     The purported reason for Plaintiff's termination is false or unworthy of credence.

78.     Defendant does not have adequate policies or procedures in place to address the discrimination.

79.     Ms. Kirk exhausted her administrative remedies under Title VII and the TCHRA and by timely filing a Charge of Discrimination.

80.     On or about January 21, 2026, the TWC issued a Notice of Right-to-Sue with respect to Ms. Kirk's TCHRA claims.  This action is being commenced within 60 days of Ms. Kirk receiving the Notice of Right-to-Sue.

81.     On or about January 29, 2026, the EEOC issued a Notice of Right-to-Sue with respect to Ms. Kirk's Title VII claims.  This action is being commenced within 90 days of Ms. Kirk receiving the Notice of Right-to-Sue.

82.     Defendant's violations of Plaintiff's Title VII and TCHRA rights was not a mistake, but rather intentional and willful, justifying an award of punitive damages against Defendant.

83.     As a result of Defendant's unlawful employment practices, Ms. Kirk has suffered economic losses including lost back and front pay, lost health insurance, and other benefits.

84.     In addition, Ms. Kirk has suffered, and will continue to suffer, emotional pain due to the loss of her job, embarrassment, stress, loss of enjoyment of life, and other non-pecuniary losses.

85.      Ms. Kirk has also incurred, and will continue to incur, costs in seeking to protect and enforce her rights, including court costs and attorney's fees.

**Count 5: Breach of Contract**

86.     Plaintiff incorporates the allegations contained in the preceding paragraphs and incorporates by reference.

87.     Ms. Kirk and Defendant entered into a contract whereby Ms. Kirk would be paid commissions as defined by a written and/or oral agreement.  Ms. Kirk provided valuable consideration and fully performed all duties required of her or tendered performance of or was

excused from performing her contractual obligations under the contract and satisfied all conditions precedent under the contract.

88.     Defendant breached the contract by refusing to follow the express and/or implied terms of the contract.  Specifically, Defendant failed to compensate Ms. Kirk her earned commissions of approximately $30,400.00.

89.     Ms. Kirk further seeks an award of her reasonable attorneys' fees and costs under Tex. Civ. Prac. & Rem. Code, Section 38.001(8), as well as pre-judgment interest and post-judgment interest.

### Count 6: Promissory Estoppel
### (Asserted in the Alternative)

90.     Plaintiff incorporates the allegations contained in the preceding paragraphs and incorporates by reference.

91.     Ms. Kirk reasonably and substantially relied upon those promises.  She devoted her full time and talents to employment-related tasks requested of her by Defendant.

92.     Ms. Kirk's' reliance was reasonable and justified under the circumstances – the promises of compensation were made in writing, in no uncertain terms.  The promise of payment was not illusory, and was not subject to unilateral change or revocation by Defendant. There was no way for Ms. Kirk to know that Defendant would fail to uphold its end of the bargain.

93.     Ms. Kirk's reliance was foreseeable by Defendant.

94.     Injustice can only be avoided in this situation by enforcing Defendant's promise to pay Ms. Kirk the full amount of her unpaid wages.

95.     Ms. Kirk seeks to recover her actual damages (unpaid wages, as described above). She further seeks to recover her attorneys' fees, court costs, pre-judgment interest, and post-judgment interest.

## Count 7: QUANTUM MERUIT
### (Asserted in the Alternative)

96.    Plaintiff incorporates the allegations contained in the preceding paragraphs and incorporates by reference.

97.    Plaintiff provided valuable services or materials to Defendant.

98.    The Defendant accepted the services or materials.

99.    The Defendant had reasonable notice that the Plaintiff expected compensation for the services or materials.

100.    Ms. Kirk seeks to recover her actual damages (the reasonable value of the services rendered).  She further seeks to recover her attorneys' fees, court costs, pre-judgment interest, and post-judgment interest.

## REQUEST FOR JURY TRIAL

Plaintiff requests that this case be tried before a jury.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that on final trial, Plaintiff have judgment against Defendant as follows:

A. Judgment for lost wages (in the form of back pay and front pay) the sum to be determined at time of trial;

B. Judgment for actual damages;

C. Judgment for compensatory and punitive damages in the maximum amount allowed by law;

D. Liquidated damages under the ADEA;

E. An order that Defendants take such other and further actions as may be necessary to redress Defendants' violations of the Texas Labor Code, Title VII and the ADEA;

F. Judgment for reasonable attorney's fees;

G. Judgment for all costs of suit;

H. Prejudgment and post judgment interest at the maximum legal rate; and

I.   Any other further relief to which Plaintiff may be justly entitled.

*Respectfully submitted,*

TREMAIN ARTAZA, PLLC

By: */s/ Carmen Artaza*
Carmen Artaza
Texas State Bar No. 24055114

6060 North Central Expressway, Ste. 567
Dallas, Texas 75206
Telephone: 469-573-0229
Facsimile: 214-254-4941
carmen@tremainartaza.com

**ATTORNEY FOR PLAINTIFF**